1

Law Offices of
**MATHENY SEARS LINKERT & JAIME, LLP**

2

RICHARD S. LINKERT, ESQ. (SBN 88756)
MICHAEL W. CARRUTH, ESQ. (SBN 246483)

3

3638 American River Drive
Sacramento, California 95864

4

Telephone:     (916) 978-3434
Facsimile:     (916) 978-3430

5

6

Attorneys for Defendants, BROAN-NUTONE, LLC,
a Delaware limited liability company; JAKEL
INDUSTRIES, INC., a California corporation; and

7

JAKEL MOTORS INCORPORATED, a Wisconsin
corporation.

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

10

11

EMPLOYERS' FIRE INSURANCE       | Case No.: 2:10-cv-01550-JAM-JFM
COMPANY, a Massachusetts corporation;

12

and GENERAL INSURANCE

13

COMPANY OF AMERICA, a Washington       **CONFIDENTIALITY STIPULATION**
corporation,       **ORDER**

14

15

Plaintiffs,       Judge: Honorable John A. Mendez

16

vs.

17

BROAN-NUTONE, LLC, a Delaware
limited liability company; JAKEL

18

INDUSTRIES, INC., a California
corporation; JAKEL MOTORS

19

INCORPORATED, a Wisconsin
corporation; and DOES 1 through 50,

20

inclusive,

21

Defendants.

22

23

Defendants in civil action number 2:10-cv-01550-JAM-JFM, BROAN-NUTONE, LLC,

24

JAKEL INDUSTRIES, INC., and JAKEL MOTORS INCORPORATED, and Plaintiffs

25

EMPLOYERS' FIRE INSURANCE COMPANY and GENERAL INSURANCE COMPANY OF

26

AMERICA; agree and hereby stipulate that during discovery documents, drawings, materials,

27

and/or information have been sought by parties to this action for the purpose of preparing for

28

and/or conducting a trial to resolve a legal dispute, which documents, drawings, materials and/or

1

*Protective Order*

MILW_10834934.1

PDF created with pdfFactory trial version www.pdffactory.com

information are contended by the producing party to be, comprise, or reflect confidential, secret, or otherwise privileged or proprietary, technical, research, development or commercial information, or private personal information; and the parties that seek to protect the confidential nature of this information can balance their need to protect such information against public disclosure by limiting the persons who will have access to this information and the use to which those persons may put to this information; therefore,

IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

1.    **Application.**  This Confidentiality Stipulation ("Stipulation") shall apply to all litigation materials, documents, information and/or deposition testimony or portions thereof containing, confidential or proprietary information of Defendants BROAN-NUTONE, LLC, JAKEL INDUSTRIES, INC., and JAKEL MOTORS INCORPORATED, as well as any additional related entities.  Such materials shall include confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted including materials which constitute trade secret information within the meaning of California Civil Code Section 3426.1 as well as protectable "private" information under California's Constitutional right to privacy.

Said materials, documents, information or deposition testimony shall be designated as "Confidential" by the party producing or presenting it during the course of the above-captioned action.  The use and disclosure of materials, documents, information or deposition testimony designated as "Confidential" shall be confined to what is reasonably necessary to fairly prosecute this action only, while this action is pending, and not for any other purpose, including any business, governmental, or commercial purpose, nor in connection with any other judicial or administrative proceeding.  All other use and disclosure, whether while this action is pending or after its termination, is strictly prohibited.

2.    **Access re "Confidential" Material**.  Material or Testimony designated "Confidential", any copies thereof, and the information contained therein shall not be given, shown and/or made available or communicated in any way to anyone except:

2

*Protective Order*

PDF created with pdfFactory trial version www.pdffactory.com

MILW_10834934.1

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

a. The Court (including Clerks and other Court personnel);

b. Commercial photocopying or document handling firms used by any party to this action; court reporters who record deposition or other testimony in the litigation;

c. The parties to this Agreement, and any present or former officer, director, employee or agent of the Parties who is assisting counsel in this action, and/or is involved in any settlement of the action, and/or who performs functions on behalf of a Party in connection with this action and counsel to the Parties;

d. Consultants and experts retained in connection with the action;

e. Witnesses and other persons who counsel for the parties to this action believe may be called to give testimony in this action on matters relating to Confidential information;

f. Any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof;

g. Any other person to whom all parties agree in writing.

3. **Recipients**.  The persons described in sub-sections (d)-(g) of the immediately preceding paragraph shall have access to Confidential materials only if they have first read provisions of this Protective Stipulation and have manifested their intent to be bound thereby by signing a copy of the attached Acknowledgment.  Any person signing such an Acknowledgment covenants and agrees that he/she shall not disclose any Confidential material, except to those persons set forth in the preceding paragraph, and then, only for the purposes, and under the conditions, set forth in this Agreement.  Any person signing such an Acknowledgment further covenants and agrees to comply with all of the terms and provisions of this Agreement.  The Parties shall provide Defendants' counsel with each original signed Acknowledgment within 14 days after it has been executed.

4. **Documentary Discovery**.  A producing party or its counsel may designate as "Confidential" any documents or tangible litigation material, including interrogatory answers, by marking every such page "Confidential".

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

3

*Protective Order*

PDF created with pdfFactory trial version www.pdffactory.com

5.     **Depositions**.  A producing party may designate depositions or other testimony as "Confidential" by any one of the following means.

a.     Stating orally on the record, with reasonable precision as to the affected testimony, on the day the testimony is given that this information is "Confidential".

b.     Sending to counsel for all other parties written notice designating, by page and line, the portions of the transcript to be treated as "Confidential" within five (5) business days after receipt of the transcript during which period said deposition or testimony shall be treated as "Confidential".

The producing party may exclude from a deposition any person who has not been identified in Paragraph 2 above, and is thus not qualified for access to the "Confidential" information.  Any transcript or portion thereof designated as "Confidential" shall be bound separately and marked "Confidential" and may only be disclosed in the manner set forth, and to the persons designated, in this Stipulation.

6.     **Inadvertent Production**.  The inadvertent production without the proper designation of any document or other disclosure of materials which the producing party contends is subject to this Stipulation shall not be deemed a waiver of the producing party's claim of confidentiality or privilege, either as to the specific document or the information disclosed. Promptly after the discovery of the inadvertent production, the producing party shall give notice to the receiving party that documents or information have been inadvertently produced or disclosed and request that such documents or information be designated "Confidential".  The receiving party shall treat the inadvertently disclosed materials as "Confidential" as requested until such time as any dispute over whether said materials are "Confidential" has been resolved.

7.     **Timing.**  The terms of this Confidentiality Stipulation shall be binding as of the date of its execution, regardless of when or whether it is entered as a Protective Order by the Court, and shall survive the termination of this action.

8.     **Maintenance of Material**.  The recipient of any "Confidential" materials, documents, information and/or deposition testimony that is provided pursuant to this Stipulation

4

*Protective Order*

PDF created with pdfFactory trial version www.pdffactory.com

MATHENY SEARS LINKERT & JAIME LLP
LAW OFFICES OF
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

shall maintain it in a secure and safe area so that it is not disclosed to any person not authorized to receive such Confidential Materials and shall exercise due and proper care with respect to its storage, custody and use.

9.    **Use in Depositions.**  Any deposition transcript pages referencing, describing, or referring to Confidential Information shall be deemed Confidential and treated as Confidential Information. The pages reflecting or identified as containing Confidential Information shall not be duplicated or distributed except as provided in this Confidentiality Stipulation.

10.    **Court Procedures**.  Any Confidential Information submitted to or filed with the Court as part of pleadings, evidence or otherwise shall be filed under seal, maintained as confidential as permitted by the Court and shall not be opened except as ordered by the Court. The envelope in which such Confidential Information is filed shall be marked with the following words, prominently on the front and back: "**Confidential: Subject to the terms of a Confidentiality Stipulation.  The contents of this envelope shall not be disclosed except by Order of the Court."**  One copy of any document containing Confidential Information filed with the Court shall be furnished to opposing counsel.

11.    **Objection to Designation**.  A party may object to any designation under this Stipulation at any time.  If any party objects to the designation of materials as "Confidential", that party shall first state the objection in writing to the producing party.  The parties agree to meet and confer in good faith to resolve any dispute respecting the terms of operation of this Stipulation.  If the parties are unable to resolve such dispute, any party may then move the Court for an order resolving the dispute.  The producing party shall bear the burden of justifying the designation.  Until the Court rules on such dispute, the Litigation Material shall continue to be treated as Confidential.

12.    **Modification of Stipulation.**  The parties may modify the provisions of the Stipulation at any time by written stipulation, and/or as ordered by the Court.  Moreover, by this Stipulation, the parties do not waive any right to object to any discovery request, or to the admission of evidence on any ground, or to seek any further protective order, or to seek relief

5

*Protective Order*

MILW_108349341

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

from the Court from any provision of this Stipulation.

13. **Return of Materials**.  Within thirty (30) days of the conclusion of this litigation including any appeal(s) from a final judgment rendered by the Court, all materials, documents, information and/or deposition testimony designated "Confidential", and all copies or notes thereof, shall be returned to counsel for the party who initially produced them, except that counsel may retain their work product and copies of court filings, trial or hearing transcripts and exhibits, provided such retained documents will continue to be treated as provided in this Stipulation.  In the alternative, counsel may shred or otherwise destroy all materials designated "Confidential", except for the above-noted work product, court filings, etc. and certify to the producing party in writing that such materials have been shredded or otherwise destroyed.

14. **Cumulative Remedies**.  In the event anyone shall violate or threaten to violate any terms of this Stipulation, the parties agree that the producing party may immediately apply to obtain injunctive relief against such person or entity, in addition to any and all other remedies otherwise available.

15. **Survival**.  This Stipulation is intended to regulate the handling of Confidential information and documents during this litigation.  After the conclusion of this action, the obligations and duties arising under this Stipulation shall remain in effect and shall survive and continue to be binding until further order of the Court.  This Court shall retain jurisdiction over the parties and any other person who accepts being bound by the Stipulation for the purpose of enforcing its terms.

SO STIPULATED

Dated:  January 24, 2011          /s/ Blanca Quintero
                                  BLANCA QUINTERO
                                  Attorney for Plaintiffs EMPLOYERS' FIRE
                                  INSURANCE COMPANY and GENERAL
                                  INSURANCE COMPANY OF AMERICA

6

*Protective Order*

PDF created with pdfFactory trial version www.pdffactory.com

1    Dated:  January 24, 2011                    /s/ Michael W. Carruth

2                                                MICHAEL W. CARRUTH
                                                 Attorney for Defendants BROAN-NUTONE, LLC,
3                                                JAKEL   INDUSTRIES,   INC.,   AND   JAKEL
                                                 MOTORS INC.
4

5

6    APPROVED AND SO ORDERED:

7

8    Dated:   1/26/2011                                      /s/ John A. Mendez
                                                             U.S. DISTRICT COURT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

7

*Protective Order*

PDF created with pdfFactory trial version www.pdffactory.com

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____[print or type full name], of _____ _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court, Eastern District of California on _____[date] in the case of *Employers Fire Insurance, et al., v. Broan-Nutone, LLC, et al.*, Case No. 2:10-cv-01550-JAM-JFM.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court, Eastern District of California, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1

*Protective Order*

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

MILW_10834934.1

PDF created with pdfFactory trial version www.pdffactory.com